UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MCM MANAGEMENT CORP.,

    Plaintiff,

vs.

Case No. 21-CV-10970

HON. GEORGE CARAM STEEH

JENKINS ENVIRONMENTAL, INC.,

    Defendant/Third-Party Plaintiff,

vs.

B.B. CONSTRUCTION ENTERPRISE, INC.,
MARINE TECHNOLOGY SOLUTIONS, LLC,
NORTHERN DIVERS USA, INC. and
BRANDES & CASSAGNOL ENGINEERS, PC,

    Third-Party Defendants.

_____/

OPINION AND ORDER GRANTING THIRD-PARTY
DEFENDANTS' MOTIONS TO DISMISS THIRD-PARTY COMPLAINT
FOR LACK OF PERSONAL JURISDICTION [ECF Nos. 28 and 33]

This matter is before the Court on motions to dismiss third-party complaint brought by third-party defendants Northern Divers USA, Inc. ("Northern Divers") and Brandes & Cassagnol Engineers, P.C. ("B&C").[1]

---

[1] Third-party defendants B.B. Construction Enterprise, Inc. and Marine Technology Solutions, LLC failed to answer or appear. Clerk's entry of default was entered against B.B. Construction Enterprise, Inc. on October 26, 2021 (ECF No. 23).

Both third-party defendants move for dismissal due to lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Northern Divers argues in the alternative that the case should be transferred to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). Upon a careful review of the written submissions, the Court deems it appropriate to render its decision without a hearing pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, third-party defendants' motions to dismiss are GRANTED pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## FACTUAL BACKGROUND

In December 2017, plaintiff MCM Management Corporation ("MCM") contracted to provide demolition and removal services on an abandoned coal-fired power plant in Chicago, Illinois, known as the Crawford Power Station. MCM then subcontracted its entire scope of work to defendant Jenkins Environmental, Inc. ("Jenkins"), which subcontracted some of the work to several other entities, including Marine Technology Solutions, LLC ("MTS"). MTS in turn subcontracted some of the work to Northern Divers and Brandes & Cassagnol Engineers, P.C. ("B&C").

MCM sued Jenkins for breach of contract and negligence, alleging

that Jenkins failed to manage, supervise, and hire its subcontractors, and failed to complete asbestos removal at the project. MCM is a Michigan corporation and the contract between MCM and Jenkins includes a forum selection clause by which the parties agree to litigate any disputes in Michigan, as well as a Michigan choice of law provision. MCM filed its lawsuit against Jenkins in Michigan state court, and Jenkins removed the case to federal court on April 29, 2021.

Jenkins moved this Court for leave to file a third-party complaint against its sub-contractor MTS, as well as sub-sub-contractors Northern Divers, B&C and B.B. Construction Enterprise, Inc. The Court granted leave and Jenkins filed its third-party complaint on September 9, 2021. The third-party complaint seeks contribution from the third-party defendants for any amount that Jenkins may ultimately be ordered to pay to MCM over and above Jenkins' pro-rata share.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). Where the court relies on written submissions and affidavits to resolve a Rule 12(b)(2)

motion, the burden on plaintiff is "relatively slight" and the court must view the evidence in the light most favorable to plaintiff. *Id*. (citations omitted). "[P]laintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir.1991).

A court has personal jurisdiction over an out-of-state defendant if the defendant is amenable to service of process under the state's long-arm statute, and if the exercise of personal jurisdiction would not deny the defendant due process. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992). Michigan interprets its long-arm statute to allow personal jurisdiction to extend to the limits imposed by the federal constitution which has the effect of collapsing the two questions into one. *Id*.

To comply with due process, "out-of-state defendants" must "have 'minimum contacts' with the forum state sufficient to comport with 'traditional notions of fair play and substantial justice.'" *Blessing v. Chandrasekhar*, 988 F.3d 889, 905 (6th Cir. 2021) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction can be either specific or general. *Air Products and Controls, Inc.*, 503 F.3d at 549-50. Specific jurisdiction "grants jurisdiction only to the extent that a claim arises

out of or relates to a defendant's contacts in the forum state," whereas general jurisdiction "depends on continuous and systematic contact with the forum state." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 679 (6th Cir. 2012).

## ANALYSIS

Jenkins correctly points out that the requirement that a court have personal jurisdiction over a party is a waivable right. *Preferred Cap., Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006). For example, parties may agree in advance to submit to the jurisdiction of a particular court by way of a forum selection clause in a commercial contract, "absent a strong showing that it should be set aside." M*/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). In this case, Jenkins argues that Northern Divers and B&C, while not signatories, are subject to the forum selection clause contained in the contract between MCM and Jenkins and therefore the minimum contacts analysis is not appropriate.

Jenkins' theory is that non-signatories to a contract are bound by the forum selection clause if they are "closely related to the dispute such that it becomes foreseeable that [they] will be bound." *Marano Enterprises v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) (citing *Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993)). Jenkins cites to

out-of-circuit precedent in support of the "closely related" test. The Seventh, Eighth and Ninth Circuits have applied contractual forum selection clauses narrowly to "closely related" non-signatories who should expect to be bound. For example, the Eighth Circuit found that a defendant who was a shareholder, officer, and director of a corporate signatory to franchise agreements was "closely related" to the disputes arising out of the agreements, such that he was bound by the forum selection provisions. *Id*. Similarly, the Ninth Circuit held that a forum selection clause applied to non-signatory affiliates, officers, and the owner of the signatory party after finding that "the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants." *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988).

Lower courts in the Sixth Circuit have also held that a non-signatory may be bound by a forum selection clause in a contract "if the non-signatory is so sufficiently 'closely related' to the dispute that it is foreseeable that the party will be bound." *Hitachi Med. Sys. Am., Inc. v. St. Louis Gynecology & Oncology, LLC*, No. 5:09–CV–2613, 2011 WL 711568, *8 (N.D. Ohio Feb. 22, 2011) (citing *Baker v. LeBoeuf, Lamb, Leiby & Macrae*, 105 F.3d 1102, 1105–06 (6th Cir. 1997)). More broadly, the Sixth

Circuit has expressed that "a range of transaction participants, parties and non-parties should benefit from and be subject to forum selection clauses" where "the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants." *Wilson v. 5 Choices, LLC*, 776 F. App'x 320, 329 (6th Cir. 2019) (unpublished) (quoting *Manetti-Farrow, Inc.*, 858 F.2d at 514 n.5) (additional citation omitted)). "This inquiry demands the Court assess the totality of the circumstances to determine whether, 'in light of [the] circumstances, it is fair and reasonable to bind a non-party to the forum selection clause.'" *Holtzman v. Village Green Mgmt. Co. LLC*, No. 2:19-CV-11150, 2020 WL 264331, at *7 (E.D. Mich. Jan. 17, 2020) (citations omitted).

     Jenkins argues that the claims brought against Northern Divers and B&C are closely related to the dispute between plaintiff and defendant because Divers and B&C are downstream sub-contractors who promised to properly perform work that is the subject of the principal dispute. As described above, the cases applying the "closely related" test look to the relationship between the contracting parties and the non-signatory to determine whether it is reasonable to bind the non-signatory to a forum selection clause. In this case neither Northern Divers nor B&C have a

contractual relationship with Jenkins that would make it reasonable or foreseeable that they would be subject to suit in Michigan. Northern Divers and B&C are sub-contractors of MTS, who itself is a sub-contractor of Jenkins.

Furthermore, Northern Divers and B&C are not subsidiaries, officers, directors, shareholders, or parent entities of Jenkins. Nor did either third-party defendant assume, adopt, or incorporate by reference the underlying contract between Jenkins and MCM. *See Regions Bank v. Wyndham Hotel Mgmt., Inc.,* 2010 WL 908753, *7–8, 2010 U.S. Dist. Lexis 23371, *19–20 (M.D.Tenn.2010) (citing *Exch. Mut. Ins. Co. v. Haskell Co.,* 742 F.2d 274, 276 (6th Cir.1984) (finding that a non-signatory may become bound by a contract when that contract is "specifically incorporated by reference" by another contract to which the party is a signatory)).

Northern Divers and B&C supplied affidavits attesting to the fact that they had not seen the contract between MCM and Jenkins and would have no reason to suspect that they might be haled into court in Michigan, a state that has no connection with the project or work they were hired to perform. *Compare*, John F. Coyle & Robin J. Effron, *Forum Selection Clauses, Non-Signatories, and Personal Jurisdiction*, 97 NOTRE DAME LAW REVIEW (forthcoming 2022) ("A party that engages in activity with other

individuals or entities bound to a forum selection clause can foresee that litigation between signatories would be confined to the named jurisdiction. Through knowledge of the prior actions of the signatories, in other words, the defendant has bound itself to the forum by purposefully engaging with parties who might later litigate in that forum.") The contract entered between Northern Divers and MTS, in fact, contains an Illinois forum-selection clause.[2]

The Court concludes it is not reasonably foreseeable that Northern Divers and B&C would be bound by the forum selection clause contained in the contract between the plaintiff and defendant. The analysis therefore turns on whether Northern Divers and B&C have "minimum contacts" with the forum state sufficient to comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. at 316. Jenkins does not address the minimum contacts analysis, instead relying solely on its argument that the third-party defendants are subject to the forum selection clause contained in the contract between Jenkins and MCM.

---

[2] That contract provides: MTS "consent[ed] to jurisdiction and venue at NORTHERN DIVERS USA INC. election in the county in which they reside, or work is performed or any adjacent county." (ECF No. 13-4 PageID 492.)

The actions taken by Northern Divers and B&C related to the Crawford Power Station occurred outside the State of Michigan. B&C is a structural and environmental engineering company headquartered and incorporated in Washington D.C. (Decl. Pierre Cassagnol, ¶ 4). B&C has never registered to do business in Michigan and maintain no offices, real estate, facilities, or bank accounts within Michigan. *Id*. at ¶ 5. Nor has B&C ever performed services or work in Michigan. *Id*. at ¶ 7. Northern Divers is an Illinois corporation that offers commercial diving services. (Decl. Frank Frosolone, ¶¶ 2-3). Northern Divers is not registered to do business in Michigan and maintains no offices, real estate, facilities, or bank accounts within Michigan. *Id*. at ¶ 6. Northern Divers admits to performing diving operations one time in the State of Michigan in 2019. *Id*. at ¶ 8.

Jenkins does not point to any facts which demonstrate that Northern Divers or B&C purposefully availed themselves of Michigan jurisdiction or that their affiliations with the state are so "continuous and systematic" as to render them essential at home in Michigan. The rules governing personal jurisdiction are driven by constitutional concerns over a court's inherent power to exercise control over the parties. The Court finds that third-party plaintiff has not met its burden of establishing a prima facie case that this Court has personal jurisdiction over Northern Divers and B&C. Therefore,

the Court will not address the other arguments made in the third-party defendants' motions.

## CONCLUSION

For the reasons stated in this opinion and order, Northern Divers' and B&C's motions to dismiss third-party complaint pursuant to Rule 12(b)(2) (ECF Nos. 28 and 33) are GRANTED.

Dated: February 14, 2022

                               s/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 14, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---